United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MAKENZIE MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 25-cv-09878-LB<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: ECF No. 18 |

**INTRODUCTION**

The plaintiff sued Wells Fargo Bank, N.A., in state court, alleging claims for violations of the Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12900, et seq., and wrongful termination. Wells Fargo removed the case to federal court and moved to compel arbitration. The plaintiff contends that the court should deny the motion because (1) Wells Fargo waived its right to compel arbitration by removing the case, consenting to magistrate-judge jurisdiction, and participating in initial disclosures and (2) the arbitration agreement is unconscionable.

The court grants the motion and compels arbitration.

ORDER – No. 25-cv-09878-LB

**STATEMENT**

In August 2024, Wells Fargo hired the plaintiff as a teller at a branch in Concord, California.[1] As part of the onboarding process, the plaintiff electronically signed her offer letter along with other employment-related documents, including an arbitration agreement and an agreement addressing confidentiality and trade secrets.[2] The plaintiff does not remember signing the arbitration agreement.[3]

The arbitration agreement states that "any legal Claims arising out of [the plaintiff's] application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration" and that arbitration will be through a single, neutral arbitrator under the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures, which were made available to the plaintiff in a hyperlink embedded in the agreement.[4] The agreement covers claims of "discrimination, harassment, retaliation, tortious conduct, wrongful discharge, breach of contract, promissory estoppel, expense reimbursement, wages, compensation, or claims for violations of any federal, state, or local statute, regulation, or common law" against "any Wells Fargo entity, its officers, directors, shareholders, employees, agents."[5]

The agreement also contains a class-action waiver, stating that claims "must be brought in arbitration on an individual basis only, and [the plaintiff] agree[s] to waive the right to initiate or participate in a class, collective, or representative action (collectively 'Class Action')."[6] The agreement states that it "does not prevent either party from seeking temporary injunctive relief in court as long as that action is brought on an individual basis."[7]

---

[1] Compl. – ECF No. 1-1 at 5 (¶ 10); Nikolopoulos Decl. – ECF No. 18-3 at 3 (¶ 6). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Nikolopoulos Decl. – ECF No. 18-3 at 3 (¶ 6); Arbitration & Trade Secrets Agreements, Exs. 1–2 to *id.* – ECF No. 18-3 at 6–20.

[3] Pl.'s Decl. – ECF No. 19-2 at 2 (¶ 3).

[4] Arbitration Agreement, Ex. 1 to Nikolopoulos Decl. – ECF No. 18-3 at 6.

[5] *Id.*

[6] *Id.*

[7] *Id.*

ORDER – No. 25-cv-09878-LB                    2

The trade-secrets agreement states that the plaintiff agrees that any violation of the agreement by her "should be the proper subject for immediate injunctive relief."[8]

The plaintiff was terminated in November 2024.[9] She filed her complaint against Wells Fargo in the Contra Costa County Superior Court in October 2025, alleging claims for violations of FEHA and wrongful termination.[10] Before filing her case, the plaintiff shared a draft of her complaint with Wells Fargo in May 2025 as part of efforts to resolve her case without litigation.[11] Wells Fargo answered the complaint in November 11, 2025, and removed the case to federal court on November 17, 2025.[12] The plaintiff served her initial disclosures on December 17, 2025. On December 19, 2025, Wells Fargo provided its initial disclosures and requested that the plaintiff stipulate to arbitration, which she declined.[13]

The parties consented to magistrate-judge jurisdiction.[14] 28 U.S.C. § 636(c)(1). The court can decide the motion without oral argument. Civil L.R. 7-1(b).

## ANALYSIS

The parties dispute whether Wells Fargo waived the right to compel arbitration and whether the arbitration agreement is unconscionable.[15] The answer to both is no.

### 1. Waiver

The plaintiff asserts that Wells Fargo waived its right to compel arbitration by waiting to move to do so until after Wells Fargo had participated in prelitigation discussions, removed the case to

---

[8] Trade-Secrets Agreement, Ex. 1 to *id.* – ECF No. 18-3 at 20.

[9] Compl. – ECF No. 1-1 at 7 (¶ 21).

[10] *See id.*

[11] Purcell Decl. – ECF No. 19-1 at 2 (¶ 2).

[12] Answer – ECF No. 1-3; *see* Dkt.

[13] Purcell Decl. – ECF No. 19-1 at 2 (¶¶ 3–5).

[14] Consents – ECF Nos. 8, 10.

[15] The plaintiff does not dispute that she signed the agreement despite not remembering doing so. Wells Fargo provided a declaration supporting that the arbitration agreement was electronically signed using the plaintiff's unique login and password. Lampione Decl. – ECF No. 18-2 at 2–4 (¶¶ 2–5).

ORDER – No. 25-cv-09878-LB                    3

federal court, and consented to magistrate judge jurisdiction and after the plaintiff had submitted her initial disclosures.[16] Wells Fargo responds that this is insufficient to show waiver of the right to compel arbitration.[17]

"'[T]he test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right.'" *In re Google Assistant Priv. Litig.*, No. 19-CV-04286-BLF, 2024 WL 251407, at *3 (N.D. Cal. Jan. 23, 2024) (quoting *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023)). "With respect to the first prong of this test, knowledge of an existing right to compel arbitration does not require 'a present ability to move to enforce an arbitration agreement.'" *Id.* (quoting *Hill*, 59 F.4th at 469). "With respect to the second prong, '[t]here is no concrete test to determine whether a party has engaged in acts inconsistent with its right to arbitrate; rather, we consider the totality of the parties' actions.'" *Id.* (quoting *Hill*, 59 F.4th at 471) (cleaned up). "Under Ninth Circuit precedent, 'a party generally acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court.'" *Id.* (cleaned up) (quoting *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023).

The party opposing arbitration bears the burden of establishing waiver, but that burden is not "heavy." *Id.* (quoting *Armstrong*, 59 F.4th at 1014). "[T]he burden for establishing waiver of an arbitration agreement is the same as the burden for establishing waiver in any other contractual context." *Id.* (quoting *Armstrong*, 59 F.4th at 1014).

The plaintiff has not met her burden of demonstrating waiver. Simply put, the conduct she points to — engaging in prelitigation discussions, removing the case to federal court, consenting to magistrate-judge jurisdiction, and participating in initial disclosures — is not active litigation of the merits of a case for a prolonged period but rather the first steps of litigation. The plaintiff points to no case stating otherwise. *See Martin v. Yasuda*, 829 F.3d 1118, 1126 (9th Cir. 2016)

---

[16] Opp'n – ECF No. 19 at 7–9.

[17] Reply – ECF No. 20 at 3–4.

United States District Court
Northern District of California

(waiver where the defendant spent seventeen months litigating the case, including by filing a motion to dismiss, entering into a protective order, answering discovery, and preparing for and conducting a deposition); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1067 (C.D. Cal. 2011) (waiver where the defendant, in addition to removing the case to state court, served "numerous interrogatories," subpoenaed employment records, sought and received transfer of venue, participated in case management conferences, and entered into a protective order); *Hill*, 59 F.4th at 473–74 (waiver where the defendant "embarked on a six-year appellate journey aimed at judicially resolving the *merits*—the legal heart—of the class members' claims" and requested "extensive discovery on unnamed parties" (cleaned up)).

## 2. Unconscionability

Under the Federal Arbitration Act (FAA), "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 67 (2019) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). The FAA provides that arbitration agreements are unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). "Under California law, 'the party opposing arbitration bears the burden of proving any defense, such as unconscionability.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)).

In California, contractual unconscionability has procedural and substantive components. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). "[T]he former focus[es] on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Id.* (cleaned up). "Procedural and substantive unconscionability 'need not be present in the same degree.'" *Poublon*, 846 F.3d at 1260 (citing *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 910 (2015)). "Rather, there is a sliding scale: 'the more substantively oppressive the

United States District Court
Northern District of California

contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id.* (quoting *Armendariz*, 24 Cal. 4th at 114).

The plaintiff contends that the arbitration agreement is procedurally unconscionable because it is a contract of adhesion.[18] Wells Fargo responds that adhesion alone indicates only a low degree of procedural unconscionability.[19]

Procedural unconscionability focuses on the circumstances surrounding the negotiation of the contract. *Gatton v. T–Mobile USA, Inc.*, 152 Cal. App. 4th 571, 581 (2007). "Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *Bruni v. Didion*, 160 Cal. App. 4th 1272, 1288 (2008) (cleaned up). "Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." *Id.* (cleaned up).

Here, the arbitration agreement has minimal procedural unconscionability because "adhesion alone generally indicates only a low degree of procedural unconscionability." *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 494 (2024).

Turning to substantive unconscionability, the plaintiff asserts that the arbitration agreement is substantively unconscionable because it (1) requires the plaintiff to arbitrate all claims against "a broad group of persons on the employer's side," (2) contains an injunctive-relief carve out only for Wells Fargo, and (3) waives the plaintiff's right to bring PAGA claims.[20] Wells Fargo responds that (1) any lack of mutuality is mitigated by the agreement's applying only to claims arising out of the plaintifff's employment, (2) the plain language of the agreement allows both parties to seek injunctive relief, and (3) the class-action waiver does not apply to PAGA claims.[21]

The arbitration agreement is not substantively unconscionable.

---

[18] Opp'n – ECF No. 19 at 10–11.

[19] Reply – ECF No. 20 at 5–6.

[20] Opp'n – ECF No. 19 at 11–18.

[21] Reply – ECF No. 20 at 6–8.

First, the plaintiff's concerns about mutuality are mitigated by the agreement's stating that it applies only to claims arising out of her "application for employment, employment, or separation from employment with Wells Fargo."[22] The plaintiff cites *Cook v. University of Southern California* in support, but the case is distinguishable. 102 Cal. App. 5th 312 (2024). In *Cook*, the arbitration agreement applied generally to all claims by the employee against the employer regardless of whether the claim arose after employment had ended. *Id.* at 317. Conversely, the arbitration agreement's coverage is limited to issues relating to the plaintiff's employment.[23]

Second, the arbitration agreement does not contain a one-sided injunctive carve out. It states that it "does not prevent either party from seeking temporary injunctive relief."[24] *Cf. Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 249 (2016) (arbitration agreement was substantively unconscionable where it require the plaintiff to arbitrate "any and all disputes" with the defendant while allowing the defendant to "obtain an injunction from a court of competent jurisdiction"). The plaintiff also points to the trade-secrets agreement's stating that the plaintiff agrees that any violation of it should be "the proper subject for immediate injunctive relief."[25] But this provision does not prevent the plaintiff from seeking injunctive relief or affect her ability to bring claims against Wells Fargo.

Finally, the class-action waiver does not waive PAGA claims. Wells Fargo represents that the provision only applies to class actions and does not preclude PAGA claims.[26] While the waiver provision states generally that employees wave the right to initiate "class, collective, or representative action," it immediately clarifies in a parenthetical that this means "collectively 'Class Action.'"[27] Even if this provision did attempt to waive the plaintiff's ability to bring PAGA

---

[22] Arbitration Agreement, Ex. 1 to Nikolopoulos Decl. – ECF No. 18-3 at 6.

[23] Reply – ECF No. 20 at 6–7.

[24] Arbitration Agreement, Ex. 1 to Nikolopoulos Decl. – ECF No. 18-3 at 6.

[25] Trade-Secrets Agreement, Ex. 1 to Nikolopoulos Decl. – ECF No. 18-3 at 20.

[26] Reply – ECF No. 20 at 7–8.

[27] Arbitration Agreement, Ex. 1 to Nikolopoulos Decl. – ECF No. 18-3 at 6.

United States District Court
Northern District of California

claims, the court would exercise its discretion to sever the offending provision. *See Armendariz*, 24 Cal. 4th at 121–22; *Newton v. Am. Debt Servs., Inc.*, 549 F. App'x 692, 695 (9th Cir. 2013).

## CONCLUSION

The court compels arbitration and stays the case pending arbitration. *Smith v. Spizziri*, 601 U.S. 472, 474, 476–78 (2024) (per curiam) (requiring stay). This resolves ECF No. 18.

**IT IS SO ORDERED.**

Dated: May 27, 2026

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California